959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John NARAYAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70034.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1992.*
Decided April 9, 1992.
 
 Before BOOCHEVER, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Narayan, a citizen of Fiji and an ethnic Indian, petitions for review of the denial of his application for political asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) (1988) and we deny the petition.
 
 
 3
 * John Narayan entered the United States as a nonimmigrant visitor on March 29, 1986 and was authorized to remain until September 28, 1986. Narayan failed to depart and has been employed without work authorization since August 27, 1986.
 
 
 4
 On October 14, 1987, the Immigration and Naturalization Service ("INS") issued Narayan an order to show cause ("OSC") why he should not be deported for remaining in the United States longer than permitted and for failing to comply with the conditions of his nonimmigrant status. At his deportation hearing on December 21, 1987, Narayan, represented by counsel, admitted the allegations in the OSC, conceded deportability, and requested political asylum.
 
 
 5
 The immigration judge ("IJ") continued the hearing to allow Narayan an opportunity to file his application for political asylum pursuant to 8 U.S.C. § 1158(a), and for withholding of deportation pursuant to 8 U.S.C. § 1253(h). At the continuation of the hearing on May 13, 1988, the IJ rendered an oral decision denying Narayan's request for asylum and withholding of deportation, but granting his request for voluntary departure.
 
 
 6
 On May 20, 1988, Narayan filed a timely notice of appeal to the Board of Immigration Appeals ("BIA"). The BIA affirmed the IJ's decision on November 20, 1990, and dismissed Narayan's appeal. Narayan's petition to this court was timely filed on January 18, 1991.
 
 II
 
 7
 Fiji, an archipelago of islands in the South Pacific, gained its independence from Britain in 1970 and became an independent member of the British Commonwealth. At that time, more than half the population of Fiji was ethnic Indian, descendants of workers brought to Fiji as indentured laborers a century ago to work on the local sugar plantations. While executive power was entrusted to the Queen of England through the Governor-General, legislative power was vested in a bicameral legislature consisting of a Senate and a House of Representatives.
 
 
 8
 In 1987, Lt. Col. Sitiveni Rabuka ended Fiji's ties to the Commonwealth when, in a military coup, he declared the nation a republic to be governed by the minority ethnic Fijians. Since then, Fiji has been ruled by an interim government led by Ratu Sir Penaia Ganilau. A constitution imposed by decree in July 1990 guarantees ethnic Fijians majority representation in a new legislative body whose members are to be chosen in May 1992. An estimated 30,000 Indo-Fijians have left Fiji in the wake of these changes.
 
 III
 
 9
 Section 208(a) of the Immigration and Nationality Act, 8 U.S.C. § 1158(a), authorizes the Attorney General, in his discretion, to grant asylum to an alien who is a "refugee." As defined in the Act, a refugee is an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). See INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987). Persecution involves "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (quotation omitted).
 
 
 10
 To establish eligibility for asylum based on a well-founded fear of persecution, an alien must demonstrate both a subjective and an objective fear. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible, and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987). The objective component requires "credible, direct and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (quotation and emphasis omitted). Past persecution alone, independent of a well-founded fear of future persecution, is enough to establish an asylum claim. Desir v. Ilchert, 840 F.2d at 729.
 
 
 11
 An alien may, alternatively, be entitled to withholding of deportation pursuant to 8 U.S.C. § 1253(h) if the alien can establish a "clear probability of persecution." Blanco-Lopez v. INS, 858 F.2d 531, 533 (9th Cir.1988). To meet this burden, the alien must show that it is more likely than not that he will be persecuted if he is deported to his native country. Id. If, however, the petitioner fails to demonstrate a well-founded fear of persecution required for asylum under § 1158(a), the petitioner cannot meet the more stringent standard of a clear probability of persecution required for withholding of deportation. De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990).
 
 
 12
 We review BIA decisions denying asylum under a two-tier standard.[1] First, in evaluating the petitioner's claims, we must uphold the BIA's factual determinations if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105(a)(4). The substantial evidence test applies to the BIA's factual determination that an alien has failed to prove a well-founded fear of persecution, Sanchez-Trujillo v. INS, 801 F.2d 1571, 1578 (9th Cir.1986), as well as to the BIA's decision to grant or deny the withholding of deportation. Diaz-Escobar v. INS, 782 F.2d 1488, 1491-92 (9th Cir.1986). "To reverse the BIA finding we must find that the evidence not only supports that conclusion, but compels it...." INS v. Elias-Zacarias, 112 S.Ct. 812, 815 n. 1 (1992). Second, if refugee status has been established, we review the BIA's ultimate denial of asylum for an abuse of discretion. Bolanos-Hernandez v. INS, 767 F.2d 1277, 1282 n. 9 (9th Cir.1984).
 
 IV
 
 13
 In this case, Narayan contends that he fled Fiji in 1986, prior to the military coup, "fearing the increasing racial and religious tensions between the indigenous Fijian population, which controlled the government, the military, and the police, and the island's Indo-Fijians." Narayan contends that he is a victim of past persecution and that, upon return to Fiji, he would be subject to future persecution on account of his ethnicity, his religion and his political affiliation. In support of these contentions, Narayan testified at his deportation hearing that his house had been burglarized and that his brother was assaulted because he is Indian. Narayan further testified that he would be persecuted if he returned to Fiji because he is an Indian, a Hindu and a former member of, and campaign organizer for, the predominantly Indo-Fijian National Federation Party.
 
 
 14
 The BIA adopted the IJ's findings that, while Narayan presented credible evidence of ethnic Fijian discrimination against Indo-Fijians, Narayan failed to establish past persecution or a reasonable possibility of future persecution. Substantial evidence supports these findings. See Turcious v. INS, 821 F.2d 1396, 1399 (9th Cir.1987). Here, the burglary of Narayan's house, absent other indicia, does not rise to the level of persecution. Moreover, evidence of generalized discrimination against Indians, Hindus and members of the National Federation Party by ethnic Fijians, absent "credible, direct and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution," is not enough to establish eligibility for asylum. See Rodriguez-Rivera v. INS, 848 F.2d at 1002. Particularized individual persecution and not merely conditions of discrimination in the country of deportation must be shown before asylum will be granted. See, e.g., Martinez-Romero v. INS, 692 F.2d 595, 595-96 (9th Cir.1982) (general conditions in El Salvador did not, absent particularized circumstances, warrant relief from deportation). See also Sanchez v. INS, 707 F.2d 1523, 1527 (D.C.Cir.1983).
 
 
 15
 Because Narayan presented no specific evidence of past persecution or a reasonable possibility of particularized individual future persecution, the BIA did not err in refusing to grant him relief. Because Narayan failed to demonstrate an objective well-founded fear of persecution required for asylum, we need not address whether he would meet the more stringent standard of a clear probability of persecution required for withholding of deportation. See De Valle, 901 F.2d at 790.
 
 V
 
 16
 The petition for review of the decision of the Board of Immigration Appeals is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 While Narayan also contends that the immigration judge erred in denying his asylum claim, we are authorized to review only the order of the Board, not the decision of the immigration judge. Rodriguez-Rivera v. INS, 848 F.2d at 1002